```
                    DISTRICT COURT OF THE VIRGIN ISLANDS
                      DIVISION OF ST. THOMAS AND ST. JOHN

IN RE:                                )
                                      )
WINGROVE LLEWELYN RICHARDS,           )   Chapter 7
                                      )   Case No. 02-00035 (JFK)
           Debtor.                    )
                                      )
DONALD F. WALTON, UNITED STATES       )
TRUSTEE,                              )
                                      )
           Plaintiff,                 )
                                      )   Adversary No. 09-3093
              v.                      )
                                      )
WINGROVE LLEWELYN RICHARDS,           )
                                      )
           Defendant.                 )
                                      )
                                      )
WINGROVE LLEWELYN RICHARDS,           )
                                      )
           Appellant,                 )
                                      )   Civil No. 2010-50
              v.                      )
                                      )
DONALD F. WALTON, UNITED STATES       )
TRUSTEE,                              )
                                      )
           Appellee.                  )
                                      )
```

ATTORNEYS:

**Wingrove Llewelyn Richards**
St. Thomas, U.S.V.I.
    *Pro se appellant.*

**James Herbert Morawetz, Esq.**
U.S. Department of Justice
Atlanta, GA
    *For Donald F. Walton, United States Trustee.*

## ORDER

**GÓMEZ, C.J.**

Before the Court is the appeal of Wingrove Llewelyn Richards ("Richards") from the bankruptcy court's order permanently enjoining Richards from interfering with the sale of certain property.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On September 24, 2002, Richards filed a petition for relief under Chapter 7 of the Bankruptcy Code in the District of the Virgin Islands, Bankruptcy Division. The bankruptcy case was docketed as Case No. 02-00035 (the "Bankruptcy Case").

At the time the Bankruptcy Case was filed, Richards owned certain real property described as Parcel No. 1B1-A Remainder, Wintberg Gardens Great Northside Quarter, St. Thomas, Virgin Islands (the "Wintberg Gardens Property"). The Wintberg Gardens Property was made part of Richards's bankruptcy estate. Subsequently, the United States Trustee filed a motion in the bankruptcy court seeking authority to sell the Wintberg Gardens Property. The motion was granted.

Subsequently, the United States Trustee filed a complaint against Richards. In his complaint, the Trustee alleged that Richards was interfering with the efforts of the Trustee to market and sell the Wintberg Gardens Property. The Trustee

sought an order enjoining Richards's interference. The Trustee also petitioned the bankruptcy court to direct Richards to cooperate with the Trustee in connection with the Trustee's efforts to market and sell the Wintberg Gardens Property. The Trustee's complaint was docketed in the Bankruptcy Division as Adversary Proceeding No. 09-3093.

The bankruptcy court held a hearing on May 7, 2010. Thereafter, the bankruptcy court entered an order on May 14, 2010, permanently enjoining Richards from interfering with the sale of the Wintberg Gardens Property and staying all parties from "taking action in the Superior Court proceeding pending in the Virgin Islands, Division of St. Thomas and St. John, (Civil No. 177/2002) and District Court action pending in the District Court of the Virgin Islands, Division of St. Thomas and St. John, (Case No. 09-cv-00154) until the sale of this real estate has been completed . . ." (the "Injunction Order").

Richards filed a notice of appeal from the Injunction Order in this Court on May 24, 2010.

On May 28, 2010, the Clerk of the Court issued a scheduling order (the "First Scheduling Order"). The First Scheduling Order required Richards to file and serve the designation of record and a statement of issues within 10 days of the date of the order, "failing which the Appeal may be dismissed for failure to

prosecute." Further, the First Scheduling Order required Richards to file and serve his brief within 30 days of the order. Richards failed to comply with the First Scheduling Order.

On December 21, 2011, the Court issued an order giving Richards 14 days to show cause in writing why this matter should not be dismissed for failure to prosecute (the "Show Cause Order").

On or about January 3, 2012, Richards submitted a paper document to the Office of the Clerk of the Court in response to the Show Cause Order. (Appellant's Resp. to Ct. Order to Show Cause at 1, ECF No. 5). Significantly, the Clerk's office failed to docket Richards's January 3, 2012, submission in this case. Instead, the Clerk's office inadvertently docketed the submission in the underlying bankruptcy case. The record here thus appeared as though Richards failed to respond to the Show Cause Order.

Given that void in the record, the Court entered an order on January 10, 2012, dismissing this case without prejudice. The order also instructed the Clerk of the Court to close this case.

Thereafter, the Court learned that the Clerk's office inadvertently docketed Richard's January 3, 2012, submission in the underlying bankruptcy case. The Court subsequently reopened

*In re Richards*
Civil No. 2010-50
Order
Page 5

this case and entered an order setting a briefing schedule (the "Second Scheduling Order").

To date, Richards has not complied with the Second Scheduling Order. The Trustee has filed a motion to dismiss this matter as moot and for failure to prosecute. Richards has not filed an opposition.[1]

## II.   JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction to review this case pursuant to Title 28 U.S.C. § 158(a).[2] The Court will review the Bankruptcy Division's findings of fact for clear error and will exercise plenary review over questions of law. *In re Barbel*, No. 01-221, 2004 U.S. Dist. LEXIS 19417, at *2 (D.V.I. Sept. 21, 2004) ("A district court reviews the Bankruptcy Division's conclusions of law *de novo* but may only review findings of fact that are clearly erroneous."), *aff'd,* 183 Fed. App'x 227 (3d Cir. 2006)(citing Fed. R. Bankr. P. 8013; *In re Excalibur Auto. Corp.*, 859 F.2d 454, 457 (7th Cir. 1988)).

---

[1] The record in the Bankruptcy Case shows that on August 30, 2011, the bankruptcy court entered an order, (BC No. 167), authorizing a proposed sale by the Trustee of the Wintberg Gardens Property. On March 26, 2012, the Trustee filed an amended report of sale, (BC No. 173). The amended report states that the property was sold on December 21, 2011.

[2] Title 28 U.S.C. § 158(a) provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under [28 U.S.C. § 157]. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving." 28 U.S.C. § 158(a) (2011).

*In re Richards*
Civil No. 2010-50
Order
Page 6

### III. DISCUSSION

"A party may 'appeal from a final judgment, order, or decree of a bankruptcy judge to a district court' as of right 'by filing a notice of appeal with the [bankruptcy court] clerk within the time allowed by Rule 8002.'" *Krebs Chrysler-Plymouth, Inc. v. Valley Motors, Inc.*, 141 F.3d 490, 494(3d Cir. 1998) (quoting Fed. R. Bankr. P. 8001). However, there are certain limits on appellate review. Specifically, "Article III of the Constitution confines jurisdiction of the federal courts to actual 'cases and controversies.'" *Brown v. Phila. Mun. Court*, 47 Fed. App'x 129, 130 (3d Cir. 2002).

"The mootness doctrine defines constitutionally minimal conditions for the invocation of federal judicial power." *Id*. "A case is moot when 'the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Id*. (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)). "The court's ability to grant effective relief lies at the heart of the mootness doctrine." *Donovan v. Punxsutawney Area Sch. Bd.*, 336 F.3d 211, 216 (3d Cir. 2003) (internal citation omitted). "That is, '[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed

*In re Richards*
Civil No. 2010-50
Order
Page 7

as moot.'" *Donovan*, 336 F.3d at 216 (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996)). "This requirement that a case or controversy be 'actual [and] ongoing' extends throughout all stages of federal judicial proceedings, including appellate review." *Donovan*, 336 F.3d at 216 (quoting *Khodara Envtl., Inc. V. Beckman*, 237 F.3d 186, 193 (3d Cir. 2001)).

## IV.  ANALYSIS

In his notice of appeal, Richards states that he is appealing from an order which restricts "him from interfering with the sale of Parcel 1B1-A Rem." (Appellant's Notice of Appeal.) The problem arising here is that the sale in which Richards seeks involvement has already occurred. As a result, even if this Court were to reverse the bankruptcy court's order enjoining Richards from interfering with the sale, the Court could not grant Richards the relief he seeks regarding a sale which has already taken place. *See generally In re Najieb*, 80 Fed. App'x 734 (3d Cir. 2003) (dismissing the debtor's motion for stay of a sheriff's sale pending the outcome of the bankruptcy appeal where the sale was already completed). Where, as here, developments have occurred that prevent the Court from being able to grant the requested relief, dismissal of the appeal as moot may be warranted. *See generally Krebs Chrysler-*

*Plymouth, Inc. V. Valley* Motors, 141 F.3d 490 (3d Cir. 1998) (dismissing the appeal as moot where sale had been closed); *In re Cantwell*, 639 F.2d 1050 (3d Cir. 1981) (ruling that the propriety of the stay of discharge was moot because the discharge appellants sought to be stayed had been granted).

Because this appeal is moot, the Court need not reach the merits of whether the bankruptcy court committed clear error in enjoining Richards from interfering with the sale of the Wintberg Gardens Property. *See In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 168 (3d Cir. 2012) ("Equitable mootness is a way for an appellate court to avoid deciding the merits of an appeal."); *Cf. In re Rickel Home Centers, Inc.*, 209 F.3d 291, 300 (3d Cir. 2000) (". . . only if we find that this appeal is not moot will we reach the merits of [the] appeal.")

## V. CONCLUSION

For the foregoing reasons, the Court will dismiss as moot Richards's appeal of the bankruptcy court's May 14, 2010, order enjoining Richards from interfering with the sale of the Wintberg Gardens Property.

The premises considered, it is hereby

**ORDERED** that this appeal is **DISMISSED** as **MOOT**; it is further

*In re Richards*
Civil No. 2010-50
Order
Page 9

  **ORDERED** that all pending motions are **DENIED**; and it is

further

  **ORDERED** that the Clerk of the Court shall **CLOSE** this case.


          S_____
           **Curtis V. Gómez**
            **Chief Judge**